# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| J.D.H., et al., | )<br>) |
| Plaintiff(s), | ) Case No. 2:13-cv-01300-APG-NJK<br>) |
| vs. | ) ORDER DISCHARGING ORDER TO<br>) SHOW CAUSE |
| LAS VEGAS METROPOLITAN POLICE<br>DEPARTMENT, et al., | )<br>)<br>) |
| Defendant(s). | )<br>) |

On December 16, 2013, the Court ordered Defendants and their counsel to show cause why their late-filed reply brief should not be stricken and why they should not be sanctioned in a Court fine up to $1,000 each pursuant to Fed. R. Civ. P. 16(f) and Local Rule IA 4-1. Docket No. 33. Defendants and their counsel have now filed a response. Docket No. 34. For the reasons discussed more fully below, the Court hereby DISCHARGES the order to show cause but strongly CAUTIONS Defendants and their counsel that strict compliance with Court orders is required in the future.

Defendants and their attorneys argue that sanctions are inappropriate here. In particular, they note that they were well aware of the Court's order that the reply be filed no later than December 6, 2013. *See* Docket No. 34 at 2. Nonetheless, they chose to disregard that order based on a notice automatically generated by the CM/ECF system. *See id.* It should be clear even without any applicable authority that a Court order is not negated by a notation in an automatically-generated CM/ECF notice, but the case law further confirms that point. For example, Judge Hoffman has explained as follows:

> As it always does, the CM/ECF system automatically generated a response date. Now, in an effort to circumvent the Court's previously ordered briefing schedule, Plaintiff's counsel argues that the notice automatically generated by the CM/ECF system constitutes a conflicting court order. The notice automatically generated when a party electronically files a motion is not a court order.

*Carrillo v. B&J Andrews Enters., LLC*, 2013 U.S. Dist. Lexis 22010, *2 (D. Nev. Feb. 19, 2013). In short, a Court order setting deadlines is not impacted by a contradictory notation automatically generated by the CM/ECF system.

In determining whether to strike the late-filed reply, the Court evaluates the factors for excusable neglect. *See id.*[1] The reason for the delay here is essentially a calendaring error, which the Ninth Circuit has determined can constitute excusable neglect even though it is a "weak justification." *See id.* (citing *Ahanchian*, 624 F.3d 1253, 1262 (9th Cir. 2010)). Whether excusable neglect exists in this instance is a close call, but the Court concludes that the reply brief should not be stricken.

The Court may also fine counsel or parties in appropriate circumstances for failing to comply with an order setting a briefing deadline. *See, e.g.*, *Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 2014 U.S. Dist. Lexis 10249, *4, 7-8 (D. Nev. Jan. 28, 2014) (imposing court fine where late-filed reply brief led to, *inter alia*, Court vacating hearing). In the circumstances of this case, however, the Court finds that it is sufficient to issue a warning to Defendants and their counsel.

Accordingly, for the reasons discussed more fully above, the Court hereby DISCHARGES the order to show cause but strongly CAUTIONS Defendants and their counsel that strict compliance with Court orders is required in the future. The failure to obey orders (as well as to follow the Local Rules and Federal Rules) may result in the imposition of sanctions, up to and including dispositive sanctions.

IT IS SO ORDERED.

DATED: February 4, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] In evaluating excusable neglect, the Court considers: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See, e.g.*, *Ahanchian v. Xenon Pics., Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). The accepts Defendants' counsel representation that they did not act intentionally in disobeying the Court's order, and consequently finds that they were not acting in bad faith.