UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| J.D.H., et al., | |
| Plaintiff(s), | Case No. 2:13-cv-01300-APG-NJK |
| vs. | ORDER GRANTING MOTION TO STAY DISCOVERY |
| LAS VEGAS METROPOLITAN POLICE DEPT., et al., | (Docket No. 29) |
| Defendant(s). | |

Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss. Docket No. 29; *see also* Docket No. 13 (motion to dismiss). Plaintiffs filed a response in opposition and Defendants filed a reply. Docket Nos. 31, 32. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion to stay discovery is hereby **GRANTED**.

Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a "just, speedy, and inexpensive determination of every action." *Tradebay*, 278 F.R.D. at 602-03. Courts in this District have

formulated three requirements in determining whether to stay discovery pending resolution of a potentially dispositive motion; motions to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1]

The parties essentially agree that the pending motion is potentially dispositive of the case and that no discovery is needed in order to enable a decision on the motion. *See, e.g.*, Docket No. 31 at 7; Docket No. 32 at 2. The Court has also carefully reviewed the arguments and authorities presented in conducting its "preliminary peek" of the motion to dismiss, and concludes that it appears sufficiently likely that Plaintiffs will be unable to state a claim that a stay of discovery is appropriate. Accordingly, the Court hereby **GRANTS** the motion to stay discovery. In the event that United States District Judge denies the motion to dismiss in any part, the parties shall within 7 days thereof file a proposed discovery plan.

IT IS SO ORDERED.

DATED: February 4, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Conducting this preliminary peek puts a magistrate judge in an awkward position because the district judge may evaluate the underlying motion differently. *See Tradebay*, 278 F.R.D. at 603. The preliminary peek is not intended to prejudice the outcome of the motion to dismiss. *Id.*