UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| J.D.H., et al.,<br><br>                Plaintiff(s),<br><br>vs.<br><br>LAS VEGAS METROPOLITAN<br>POLICE DEPT., et al.,<br><br>                Defendant(s). | Case No. 2:13-cv-01300-APG-NJK<br><br>ORDER GRANTING MOTION TO SEAL (Docket No. 50)<br><br>ORDER REQUIRING DEFENDANTS' COUNSEL TO READ SPECIAL ORDERS 108 AND 109 |

It should not be difficult for counsel to follow clear Court orders and rules of practice. *See, e.g.*, *Dela Rosa v. Scottsdale Memorial Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998) ("we expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court"). The lead Plaintiff in this case is a seven year old child. This Court has previously advised the parties of the requirements of Special Order No. 108, including that only a minor's initials be provided in Court filings. *See* Docket No. 26; *see also* Fed. R. Civ. P. 5.2(a)(3). The Court warned counsel that the Court expected strict compliance with that rule in the future, and that failure to do so may result in sanctions. *See* Docket No. 26 at 1-2 (citing *Davis v. Clark County Sch. Dist.*, 2013 U.S. Dist. Lexis 128937, *5 n.3 (D. Nev. Sept. 9, 2013)).

Despite the above, the Court has before it a motion to seal documents that Defendants' counsel incorrectly filed on the public docket with Plaintiff's full name and to replace them with redacted versions. Docket No. 50. The Court accepts as true Defendants' counsel's assertions that the failure to comply with the Court's order was unintentional. *See id.* at 2. Be that as it may, the problem with

this type of situation is that once a party makes confidential information publicly available through Court filings or proceedings, that information cannot truly be made "un-public" through later Court action. *See, e.g., TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 WL 1432519, *2 (D. Ariz. Apr. 25, 2012) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004)). That is precisely why the Court requires counsel to take care that personal identifiers are not publicly filed in their papers in the first place, and to acknowledge when logging into CM/ECF that they are aware of that requirement and that they will comply with it.[1]

In light of the above, the Court **GRANTS** the motion to seal to minimize further dissemination of Plaintiff's name. Accordingly, the Court hereby **INSTRUCTS** the Clerk's Office to seal the filings at Docket Nos. 37 and 46.

In an attempt to ensure that future filings from Defendants do not similarly violate the Court's orders, the Court also **ORDERS** Defendants' counsel Craig Anderson and Tye Hanseen to read Special Order Nos. 108 and 109 in their entirety. Defendants' counsel shall file a declaration, no later than August 21, 2014, indicating that they have done so. Mr. Anderson and Mr. Hanseen are further **CAUTIONED** that they should expect future non-compliance with the Court's redaction requirements to result in monetary sanctions.

IT IS SO ORDERED.

DATED: August 14, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The CM/ECF login page includes the following:

**IMPORTANT NOTICE OF REDACTION RESPONSIBILITY**: All filers must redact: Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial account numbers; and, in criminal cases, home addresses, in compliance with Fed. R. Civ. P. 5.2 or Fed. R. Crim. P. 49.1. This requirement applies to all documents, including attachments.

☐ I understand that, if I file, I must comply with the redaction rules. I have read this notice.