MARGARET A. MCLETCHIE, ESQ.
Nevada Bar No. 10931
LANGFORD MCLETCHIE LLC
616 S. Eighth Street
Las Vegas, NV 89101
(702) 471-6565
maggie@nvlitigation.com

GEORGE TRACHTMAN
Nevada Bar No. 5528
TRACHTMAN LAW LLC
520 S. Ninth Street
Las Vegas, NV 89101
(702) 474-0404
george@nvtalaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| J.D.H., a minor by and through her legal guardian and/or parent, Inocente Dominguez, and MARIA HERNANDEZ, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICER J. BARKER (in his individual capacity); and LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICER M. PURCARO (in his individual capacity),<br><br>Defendants. | CASE NO.: 2:13-cv-01300-APG-NJK<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>As amended, page 7 |

The parties to this action, by their respective counsel, having agreed to the following, and for good cause shown, IT IS HEREBY STIPULATED AND ORDERED as follows:

/ / / /

/ / / /

1

## I. PURPOSE AND LIMITATIONS.

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under law to treatment as confidential.

## II. SCOPE.

All documents produced in the course of discovery, all responses to discovery requests, and all deposition testimony and exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this stipulated protective order concerning confidential information as set forth below. Any party, or any third party who produces documents in this litigation, may designate documents as "CONFIDENTIAL" but only after review of the documents by an attorney who has, in good faith, determined that the documents contain "Confidential Information," as defined below, and pursuant to the procedure set forth below.

### 1. CONFIDENTIAL INFORMATION.

"Confidential Information" shall mean information meriting special protection under Rule 26(c) of the Federal Rules of Civil Procedure to protect the Parties from annoyance, embarrassment, oppression or undue burden or expense.  While the parties do not hereby agree to the production of any specific document or category of document, or that any specific document or category of document merits legal protection from disclosure, and each Party reserves the right to contest a designation of a document or other material marked as "Confidential," "Confidential Information may include the following: (a) Social Security or taxpayer-identification numbers; (b) names of minor children; (c) financial account numbers; (d) home addresses; (e) sensitive information involving personal medical, psychological, matrimonial, or family information; (f) trade secret and other confidential and proprietary research, development, or commercial information that would significantly undercut a legitimate competitive advantage of the

1 Designating Party if disclosed; (g) information for which there is good cause under FRCP 26(c) to
2 protect because specific prejudice or harm will result if no protective order is granted; and (h)
3 documents, photographs, video, or other information a Designating Party believes in good faith
4 constitute or include proprietary or non-public information that (i) is used by the party in, or
5 pertaining to, its business and/or operations; (ii) is not generally known by the general public;
6 and/or (iii) the Producing Party normally would not reveal to third parties or, if disclosed, would
7 require such third parties to maintain confidence.  Confidential Information does not include
8 information that: (a) is in the public domain at the time of disclosure, (b) becomes part of the
9 public domain through no fault of the Receiving Party, (c) the Receiving Party can show was in its
10 rightful and lawful possession at the time of disclosure or (d) the Receiving Party lawfully receives
11 from a Non-party later without restriction as to disclosure.

### 2. OTHER DEFINITIONS.

Party: any party to this action and attorney(s) of record for a Party in this action (including their associates, paralegals, and support/ clerical staff).

Non-party: any individual, corporation, association, or natural person or entity other than a Party.

Protected Material: any disclosure or discovery material that is designated by a Party or Non-party as "CONFIDENTIAL," unless the Receiving Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; or (b) the Designating Party withdraws its confidentiality designation in writing.

Producing Party: a Party or Non-party that produces disclosures or discovery material in this action.

Receiving Party: a Party that receives disclosures or discovery material from a Producing Party.

Designating Party: a Party of Non-party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material. The Party or Non-party designating information or items as Protected Material bears the burden of establishing good cause

**LANGFORD MCLETCHIE LLC**
ATTORNEYS AT LAW
616 SOUTH EIGHTH STREET
LAS VEGAS, NEVADA 89101
(702) 471-6565• FAX (702)471-6540

for the confidentiality of all such items.

Challenging Party: a party that elects to initiate a challenge to a Designating Party's confidentiality designation.

### 3. FORM AND TIMING OF DESIGNATION.

Protected Material shall be so designated by the Producing Party by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the "CONFIDENTIAL" designation. Documents shall be designated "CONFIDENTIAL" prior to, or contemporaneously with, the production or disclosure of the documents.

A Designating Party must exercise restraint and make good faith efforts to limit CONFIDENTIAL designations to specific materials that qualify for protection under the appropriate standard. Further, a Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If only a portion or portions of materials on a page or within a document merit protection, a Producing Party must so indicate by making appropriate markings in the margins but not over text. Portions of depositions shall be deemed CONFIDENTIAL only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected and, if made by a Party, A Designating Party must exercise restraint and make good faith efforts to limit "CONFIDENTIAL" designations to specific materials that qualify for protection under the appropriate standards.

Further, a Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If only a portion or portions of materials on a page or within a document merit protection, a Producing Party must so indicate by making

appropriate markings in the margins but not over text. Inadvertent or unintentional production of Protected Material without prior designation as "CONFIDENTIAL" shall not be deemed a waiver, in whole or in part, of the right to designate documents as Protected Material as otherwise allowed by this Order.  Further, a Party may assert that disclosures or discovery material produced by another Party constitute Protected Material by informing the opposing Party by following the procedures set forth herein for a Designated Party.

**4.     PROTECTION OF PROTECTED MATERIAL.**

**a. General Protections.** Protected Material shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 4.b.) for any purposes whatsoever other than preparing for and conducting litigation (including any appeal).

**b. Qualified Receiving Parties and Limited Third Party Disclosures.** Protected Material shall be held in confidence by each qualified Receiving Party to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a qualified recipient.  All Protected Material shall be carefully maintained so as to preclude access by persons who are not qualified Receiving Parties.

Subject to these requirements, in addition to Parties and the Court, the following categories of persons may be allowed to review Protected Material pursuant to this Order after executing an acknowledgment (in the form set forth at Exhibit A hereto), that he or she has read and understands the terms of this Order and is bound by it:

(1) Any officers, directors, or designated employees of a Party deemed necessary by counsel of record in this action to aid in the prosecution, defense, or settlement of this action;

(2) Professional outside vendors for attorneys of record (such as copying services and translators and interpreters), but only

(3) Deposition notaries and staff;

(4) The author of any document designated as CONFIDENTIAL or the original source of Confidential Information contained therein;

5

(5) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(6) Deponents during the course of their depositions;

(7) Counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or indemnify or reimburse payments or costs associated with these proceedings;

(8) Any private mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel;

(9) Any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

c. **Control of Documents.** Counsel for Parties shall take reasonable efforts to prevent unauthorized disclosure of Protected Material pursuant to the terms of this Order. No copies of Protected Material shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action.

**d. Copies.** Any person making copies of Protected Material shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order. All copies shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

**5.**      **INADVERTENT OR UNAUTHORIZED DISCLOSURE.**

In the event of a disclosure of any Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of

the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

Unauthorized or inadvertent disclosure does not change the status of Material or waive the right to hold the disclosed document or information as Protected.

**6.** **FILING OF PROTECTED MATERIALS; PROTECTED MATERIALS IN COURT.**

*See order issued concurrently herewith*

~~Subject to the Federal Rules of Evidence, Protected Material may be filed with the Court or offered in evidence or hearing or trial of this case. This Order does not seal court records in this case or apply to disclosure of Protected Material at trial. Further, the parties understand that documents may be filed under seal only with the permission of the Court after proper motion. Further, the fact that documents have been designated as "CONFIDENTIAL" shall not be admissible evidence that the documents in fact contain information entitled to protection from disclosure under the law.~~

~~However, in the event a Party seeks to file Protected Materials with the Court, those documents shall be filed under seal pursuant to Rule 10-5 of the Local Rules of Practice for the U.S. District Court of Nevada. The Party filing such Protected Materials may assert in the accompanying motion any reasons why the Protected Materials should not, in fact, be kept under seal and the Designating Party, who must be properly noticed, may likewise file a motion asserting its position that the Protected Material merits protection under Rule 26(c) of the Federal Rules of Civil Procedure. In such instances, absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the Protected Material to the Court shall first consult with counsel for Designating Party. This duty exists irrespective of the duty to consult on the underlying motion.~~

**7.** **GREATER PROTECTION OF SPECIFIC DOCUMENTS.**

No Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an Order providing

7

such special protection.

### 8. CHALLENGES TO PROTECTED MATERIAL.

Any designation of Protected Material is subject to challenge. The following procedures shall apply to any such challenge:

**a. Burden.** The burden of proving the necessity of a "CONFIDENTIAL" designation remains with the party asserting confidentiality.

**b. Notice; Opportunity to Challenge.** A party who contends that Protected Material is not entitled to confidential treatment ("Challenging Party") may contest a "CONFIDENTIAL" designation at any time. To do so, the Challenging Party shall give written notice to the party who affixed the "CONFIDENTIAL" designation of the specific basis for the challenge. The party who so designated the documents shall have ten (10) business days from service of the written notice to determine if the dispute can be resolved without judicial intervention. If the Designating Party fails to respond, or after a meet and confer conference, the Challenging Party may move for an order removing the "CONFIDENTIAL" designation, and the status as Protected Material at any time thereafter.

**c. Treatment as Protected Material until order or withdrawal.** Notwithstanding any challenge to the designation of documents as such, all material previously designated "CONFIDENTIAL" shall continue to be treated as Protected Material subject to the full protections of this Order until one of the following occurs: (1) the Party who claims that the documents are Protected Material withdraws such designation in writing; (2) the Party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 8(b) above; or (3) the Court rules that the documents are not Protected Material and/or should no longer be designated as "CONFIDENTIAL."

**d. No Waiver.** Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

////

8

## 9. DURATION; CONCLUSION OF LITIGATION.

All provisions of this Order restricting the use of Protected Material shall continue to be binding after the conclusion of the litigation and appeal, if any, unless otherwise agreed or ordered.

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Protected Material designated by another Party or Non-party, the Party must so notify the Designating Party, in writing (by e-mail or fax, if possible) within three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

## 11. ORDER SUBJECT TO MODIFICATION.

This Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

## 12. NO JUDICIAL DETERMINATION.

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise.

## 13. MISCELLANEOUS.

**a. Public Health and Safety**. Nothing in this Order is intended to prevent any Party from raising with the Court any concern that the non-disclosure of certain Protected Material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

**b. Right to Further Relief**. Nothing is this Order abridges the right of any person to seek

9

its modification by the Court in the future.

**c. Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### 14.   PERSONS BOUND UPON ENTRY OF ORDER.

This Order shall take effect when entered and shall be immediately binding upon the Parties (as defined herein).

### 15.   INADVERTENT DISCLOSURES OF PRIVILEGED MATERIAL.

The inadvertent production by a Party of Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Disclosing Party's reasonable efforts to prescreen such Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Material is made promptly after the Disclosing Party learns of its inadvertent production.

Upon a request from any Disclosing Party who has inadvertently produced Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Material and all copies, including those that have been shared with experts, consultants, and vendors, to the Disclosing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the receiving Party to the Disclosing Party.  Each Receiving Party shall confirm in writing that all such documents or information have been returned or destroyed within five (5) business days of the request.

Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Material and such other information as is reasonably necessary to identify the Material and describe its nature to the Court in any motion to compel production of the Material.  Any motion to compel production of the Material shall be filed under seal and shall not assert as a ground for production the fact of the inadvertent or unintentional production, nor shall the motion disclose or otherwise use the content

of the inadvertently or unintentionally produced document or information in any way beyond that which is reasonably necessary to identify the Material and describe its nature to the Court.

Dated: March 6th, 2015

LANGFORD MCLETCHIE, LLP

/s/ Margaret A. McLetchie, Esq.
MARGARET A. MCLETCHIE, ESQ.
Nevada Bar No. 10931
616 S. Eighth Street
Las Vegas, NV 89101
(702) 471-6565
maggie@nvlitigation.com

GEORGE TRACHTMAN, ESQ.
Nevada Bar No. 5528
TRACHTMAN LAW LLC
520 S. Ninth Street
Las Vegas, NV 89101
(702) 474-0404
george@nvtalaw.com
*Attorneys for Plaintiffs*

Dated: March 6th, 2015

MARQUIS AURBACH COFFING

/s/ Christian T. Balducci, Esq.
CRAIG R. ANDERSON, ESQ.
Nevada Bar No. 6882
TYE HANSEEN, ESQ.
Nevada Bar No. 10365
CHRISTIAN T. BALDUCCI, ESQ.
Nevada Bar No. 12688
10001 Park Run Drive
(702) 382-0711
canderson@maclaw.com
thanseen@maclaw.com
cbalducci@maclaw.com
*Attorneys for Defendants*

**IT IS SO ORDERED.**

Dated this  9th   day of March, 2015.

_____
United States Magistrate Judge

11

**EXHIBIT A**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND AGREEMENT TO BE BOUND**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| J.D.H., a minor by and through her legal guardian and/or parent, Inocente Dominguez, and MARIA HERNANDEZ, an individual,<br><br>                    Plaintiffs,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICER J. BARKER (in his individual capacity); and LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICER M. PURCARO (in his individual capacity),<br><br>                    Defendants. | CASE NO.: 2:13-cv-01300-APG-NJK<br><br>**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated _____, 2015, in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada in matter relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such Protected Material to any person, fir, entity, or concern. The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____
           _____

_____    _____
Date                                              Signature

13