# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| J.D.H., et al.,<br><br>           Plaintiff(s),<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT., et al.,<br><br>           Defendant(s). | Case No. 2:13-cv-01300-APG-NJK<br><br>ORDER DENYING MOTION TO COMPEL<br><br>(Docket No. 94) |

      Pending before the Court is Plaintiffs' motion to compel. Docket No. 94. For the reasons discussed more fully below, the motions are hereby **DENIED** without prejudice.

      "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. *Cardoza v. Bloomin' Brands, Inc.*, ___ F. Supp. 3d ____, 2015 WL 6123192, *6 (D. Nev. Oct. 16, 2015). Federal Rule of Civil Procedure 37(a)(1) requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after

personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

Judges in this District have held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

The Court has reviewed the pending motion to compel, and has failed to locate any certification of a good faith meet-and-confer. Accordingly, the motion to compel is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: November 6, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge